RECEIVED
FEB 1 6 2000
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

WILLIAM L. OVERDYKE, M.D.

VERSUS                                CIVIL ACTION NO. 99-0103 S

WRIGHT MEDICAL TECHNOLOGY,            JUDGE WALTER
INC.                                  MAGISTRATE PAYNE

**PRETRIAL ORDER**

Following pretrial proceedings in this cause pursuant to the procedure of this court, IT IS ORDERED:

A.

This is an action for breach of contract filed by William L. Overdyke, M.D., plaintiff, against Wright Medical Technology, Inc., defendant, for failure by the defendant to make timely payments to the plaintiff.

B.

The parties and their legal relationships are as follows:

1)  William L. Overdyke, M.D., plaintiff, is a citizen of the State of Louisiana.

2)  Wright Medical Technology, Inc., defendant, is a foreign corporation organized under the laws of a state other



than the State of Louisiana with its principal place of business in the State of Tennessee.

C.

Statement of jurisdiction: This Court has jurisdiction herein under 28 U.S.C. § 1332 because the plaintiff and the defendant are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and cost.

D.

The following facts are stipulated by the parties and require no proof:

1) On or about March 5, 1998, William L. Overdyke, M.D., plaintiff, entered into a contract with Wright Medical Technology, Inc., defendant.

E.

The plaintiff's contested facts are:

1) Plaintiff contends that, pursuant to the terms of the contract, defendant was to pay plaintiff two and two-tenths percent (2.2%) on the net sales of the PERFECTA® and INTERSEAL® products referred to in the contract.

2) Plaintiff contends that, although defendant has made some payments to plaintiff pursuant to the terms of the

contract, defendant has not paid plaintiff all amounts due thereunder, despite amicable demand by plaintiff.

3) Plaintiff contends that he has in no way breached the provisions of the contract.

4) Plaintiff contends that defendant owes damages for breach of contract in excess of $200,000.00.

The defendant's contested facts are:

Defendant contends that plaintiff has breached the contract in the following ways:

1. Plaintiff quit using products manufactured by Wright Medical Technology, Inc., thereby making it impossible for him to effectively perform his duties under the contract;

2. Plaintiff entered into contracts to champion Wright's competitor's products; and

3. Plaintiff quit performing his duties under the contract.

F.

The contested issues of law asserted by plaintiff are as follows:

1) Whether defendant has breached its contract with the plaintiff.

2) Amount of damages to which plaintiff is entitled.

The contested issues of law asserted by defendant are as follows:

1)   Whether plaintiff has breached his contract with Wright Medical, and is, therefore, not entitled to damages.

G.

Plaintiff may use the following depositions and answers to interrogatories:

1)   Defendant's answers to interrogatories and responses to sets 1 and 2 of requests for production of documents propounded by plaintiff;

2)   Deposition of Carl Stamp; and

3)   Deposition of Jack Parr (not yet taken).

Defendant may use the following depositions and answers to interrogatories:

1)   Deposition of William Overdyke; and

2)   Plaintiff's responses to discovery.

H.

There is no objection to the exhibits on the attached lists, except that plaintiff objects to defendant's exhibits 2 and 5 as being irrelevant.

I.

This is a non-jury trial. Anticipated length of trial is two days.

J.

The issue of liability should not be tried separately from that of quantum.

K.

The undersigned hereby certify that this Pretrial Order has been formulated after a telephone conference in which trial counsel for all parties were included. Reasonable opportunity has been afforded to counsel for corrections or additions, prior to signing. Hereafter, this Order shall control the course of the trial and may not be amended except by consent of the parties and the Court, or by the order of the Court to prevent manifest injustice.

APPROVED AS TO FORM AND CONTENT:

COOK, YANCEY, KING & GALLOWAY
A Professional Law Corporation

By: _____
    Herschel E. Richard, Jr. #11229
    John T. Kalmbach   #24484
333 Texas Street, Suite 1700
P. O. Box 22260
Shreveport, LA 71120-2260
Telephone:  (318) 221-6277
Telecopier: (318) 227-7850

ATTORNEYS FOR WILLIAM L. OVERDYKE, M.D., PLAINTIFF

BLACK & McLAREN, P.C.

By: */s/ Michael G. McLaren*
   Michael G. McLaren
Suite 310
530 Oak Court Drive
Memphis, TN  38103
Telephone:  (901) 762-0535
Telecopier: (901) 762-0539

ATTORNEYS FOR WRIGHT MEDICAL TECHNOLOGY, INC., DEFENDANT

WILKINSON, CARMODY & GILLIAM

By: */s/ Arthur R. Carmody, Jr.*
   Arthur R. Carmody, Jr. #3906
P. O. Box 1707
Shreveport, LA  71166
Telephone:  (318) 221-4196

ATTORNEYS FOR WRIGHT MEDICAL TECHNOLOGY, INC., DEFENDANT

## **ACTION BY THE COURT**

THE FOREGOING Pretrial Order has been approved by the parties to this action as evidenced by the signature of their counsel herein, and the Order is hereby entered and will govern in the trial of this case.

Shreveport, Louisiana, this _____ day of _____, 2000.

                                                                  _____
                                                                  UNITED STATES DISTRICT JUDGE

## EXHIBIT LISTS

A. Plaintiff, WILLIAM L. OVERDYKE, M.D., may offer the following exhibits at trial:

1. Contract;

2. Correspondence dated November 18, 1998 from Donald Fenton Ovedyke, III to Wright Medical Technology, Inc.;

3. Records of Wright Medical Technology, Inc. concerning sales of the PERFECTA® and INTERSEAL® products.

4. Responses of Wright Medical Techonology, Inc. to written discovery requests of plaintiff.

5. Carl Stamp's letter to William Overdyke dated September 23, 1998.

B. Defendant, WRIGHT MEDICAL TECHNOLOGY, INC., may offer the following exhibits at trial:

1. Any exhibits on plaintiff's list.

2. Plaintiff's contract with Sulzer Medical.

3. Correspondence dated January 20, 1999, from Herschel E. Richard, Jr. to Michael G. McLaren.

4. Record of payment to plaintiff for the first two quarters of 1998.

5. The Consulting Agreement between William Overdyke and Sulzer Orthopedics, Inc.

6. Carl Stamp's letter to William Overdyke dated September 23, 1998.

## WITNESS LISTS

A.   Witness of Plaintiff:

**WILL CALL:**

1.   William L. Overdyke, M.D.

2.   Carl Stamp;

**MAY CALL:**

1.   Jack Parr

2.   D. F. Overdyke, III

3.   Al Ogden

4.   Mike Kauffman

5.   Tom Chambers

6.   Tom Patton


B.   Defendant, WRIGHT MEDICAL TECHNOLOGY, INC.,

**WILL CALL:**

1.   Carl Stamp

2.   William L. Overdyke, M.D.

**MAY CALL:**

1.   Jack Parr

2.   David Adams

3.   Representative of Sulzer Medical.